# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 8, 1939

Mr. Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. 0-755
Re: What is the proper distri-
bution to be made of payment
of part of a fine in a mis-
demeanor case?

Your request for an opinion on the above stated
question has been received by this office.

Your letter reads in part as follows:

"A misdemeanor case in which is involved
the payment of a fine, the cost of the Justice
of the Peace, the cost of the Constable and
the Attorney's cost, the defendant is unable
to pay any of the fine or costs and is commit-
ted to jail. After serving a part of the time
necessary to settle the accounts, the defend-
ant secures enough money to pay in cash the
balance due. What is the proper distribution
to make of the amount paid in cash?

"For example: The defendant is fined $1.
and costs. The accumulated fine and costs
would be as follows:

| | |
|---|---|
| "Fine | $ 1.00 |
| Trial Fee | 4.00 |
| Attorney | 5.00 |
| Constable | 5.50 |
| (Total) | $15.50 |
| Time served in Jail | 7.00 |
| Balance paid in cash | $ 8.50 |

What distribution should be made of the $8.50
paid in cash?"

Article 949 of the Code of Criminal Procedure
reads as follows:

"Money collected by an officer upon re-
cognizances, bail bonds and other obligations
recovered upon in the name of the State under
any provision of this code, and all fines,
forfeitures, judgments and jury fees, collect-
ed under any provision of this code, shall
forthwith be paid over by the officers col-
lecting the same to the County Treasurer of
the proper county after first deducting there-
from the legal fees and commissions for col-
lecting the same."

The Statutes do not specifically provide for such
situation as presented in your request, however, this de-
partment has recently held that where only a part of the
fine and costs are collected, that the money collected
should go first to the payment of the costs and the balance,
if any, to the amount of the fine and that where there is
not enough collected to pay all of the costs, the money col-
lected should be pro rated. In such a case, one officer
has no priority over another.

Article 1052, Code of Criminal Procedure as amend-
ed provides that in counties having a population of more
than 20,000 inhabitants the Justice of the Peace shall re-
ceive a fee of $2.50 to be paid by the county, for each
criminal action tried and finally disposed of before him.

Article 1054, Code of Criminal Procedure as amend-
ed reads in part as follows:

". . . and in the Justice Court the trial
fee shall be the sum of Four Dollars ($4)."

In view of the trial fee above provided, being a
part of the costs, and by reason that the Justice of the
Peace is paid by the county, it is our opinion that the
$8.50 in question should be pro rated on the basis of $5.00
to the county attorney; $5.50 to the constable and $4.00 to
the county, which figures approximately sixty-four and a
fraction cents on the dollar. The county would get its pro
rata part of the payment.

You are respectfully advised that it is the opin-
ion of this department that where a conviction is had in

the Justice Court and only a part of the costs are
collected, that said sum should be pro rated between
the officers and the county in the same proportion
as to which each would have been entitled to receive
therefrom had all costs been collected.

Trusting that the foregoing answers your in-
quiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:jm

APPROVED

ATTORNEY GENERAL OF TEXAS